```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
INTERBORO PACKAGING CORP.,                    :
                    Plaintiff,                :    MEMORANDUM
v.                                            :    OPINION AND ORDER
                                              :
CAPITAL PLASTICS INT'L, INC.,                 :    21 CV 8601 (VB)
                    Defendant.                :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Interboro Packaging Corp. brings this action against defendant Capital Plastics International, Inc., for breach of contract, breach of warranty, and fraud. (Doc. # 19 ("AC")).

Now pending is defendant's motion to dismiss the fraud claim (the third cause of action) in the amended complaint pursuant to Rules 9(b) and 12(b)(6). (Doc. # 22).

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

For the purposes of ruling on the motion, the Court accepts as true all well-pleaded allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff, a plastic-bag wholesaler, alleges it purchases plastic-bag-and-liner products from defendant, a manufacturer, for resale to plaintiff's customers.

Plaintiff further alleges that between 2017 and 2019, defendant either failed to ship goods, delayed the shipment of goods, or shipped defective goods to a number of plaintiff's clients in violation of the parties' contractual agreement.

According to plaintiff, defendant intentionally misrepresented its ability to supply plaintiff with conforming goods at the agreed-upon pricing and delivery times. Plaintiff further contends it relied on these misrepresentations when making bids on contracts with customers.

Plaintiff claims that because of defendant's alleged misrepresentations, it lost some customers, suffered impaired relationships with others, and was forced to purchase alternative goods to cover the loss of products it expected to receive from defendant.

## DISCUSSION

I. Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[1] First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.     Fraud Claim

Defendant argues the fraud claim must be dismissed because plaintiff fails to plead what fraudulent statements were made, who made them, to whom, and when they were made.

The Court agrees.

A claim for fraud under New York law requires a showing of "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." Lama Holding Co. v. Smith Barney, Inc., 88 N.Y.2d 413, 421 (1996).

In addition, Rule 9(b) provides "a party must state with particularity the circumstances constituting fraud."  Thus, the complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006).  Lastly, "[t]o meet the requirements of Rule 9(b) a plaintiff must show the manner in which he was damaged by the implementation of a deceptive or manipulative practice or by a misrepresentation or omission." Moran v. Kidder Peabody & Co., 609 F. Supp. 661, 665 (S.D.N.Y. 1985), aff'd, 788 F.2d 3 (2d Cir. 1986).

Here, plaintiff fails to allege any fraudulent statement, much less the identity of any speaker or where and when such statements were made.  At most, plaintiff alleges defendant, "[t]hrough its course of conduct, as well as verbal and written and electronic communications . . . acknowledged and recognized the importance of" defendant's contractual

performance to plaintiff's bidding on customer contracts, and thereby represented defendant was capable of performing. (AC ¶¶ 47–50). However, defendant's alleged underperformance against its quotes and pricing does not raise an inference of fraud, notwithstanding plaintiff's alleged reliance on such quotes and pricing in conducting its resale business. Even drawing all reasonable inferences in plaintiff's favor, the amended complaint's conclusory allegations that defendant made "representations as to [its] trustworthiness and intent to perform," without pointing to any "specific statements made by an identified speaker," falls well short of the heightened pleading requirements of Rule 9(b). See Jiaxing Hongyu Knitting Co. v. Allison Morgan LLC, 2013 WL 81320, at *3 (S.D.N.Y. Jan. 8, 2013).[2]

Accordingly, plaintiff's fraud claim must be dismissed.

## CONCLUSION

Defendant's motion to dismiss the fraud claim is GRANTED.

The Clerk is instructed to terminate the motion. (Doc. #22).

Dated: April 6, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[2] Because the Court concludes plaintiff has not sufficiently alleged a fraud claim, it does not reach defendant's argument that the fraud claim is duplicative of the breach of contract claim.